```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

THOMAS SCHAFFER,

         Plaintiff,

v.                                 Case No: 2:16-cv-62-FtM-29MRM

GEO GROUP INC., Operator of
GEO, MIKE CARROLL, Secretary
DCF, GEORGE ZOLEY, GEO Group
Inc.,    KRISTIN    KANNER,
Director SVP, DONALD SAWYER,
Dr., Facility Director FCCC,
CHRIS    CATRON,    Security
Director   FCCC,    WILLIAM
PRICE, Health Administrator
FCCC, BRIAN   MASONY,   DCF
Attorney FCCC, and REBECCA
JACKSON,

         Defendants.
```

## ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE

**I.**

This matter comes before the Court upon review of the Amended Complaint (Doc. #9), filed March 23, 2016. Plaintiff Thomas Schaffer, who is civilly committed[1] at the Florida Civil Commitment

---

[1] The Florida legislature enacted the Sexual Violent Predators Act, Fla. Stat. §§ 394.910-.913, by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002); Kansas v. Hendricks, 521 U.S. 346 (1997)

Center ("FCCC"), initiated this action as one of nineteen plaintiffs by filing a "sealed Class Action Complaint" (Doc. #1) under 42 U.S.C. § 1983. On January 28, 2016, the Court entered an order (Doc. #2) dismissing the class action, without prejudice, under section 1915 and declined to certify a class. However, the Court allowed each plaintiff an opportunity to file an Amended Complaint on or before February 29, 2016. Plaintiff timely filed a motion for an enlargement of time and is now proceeding on his Amended Complaint (Doc. #9).

The Amended Complaint names the following defendants in their official and individual capacities: Geo Group, Inc.; Mike Carroll;

---

(holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive). Civil commitment under the Act involves several steps. First, the Act requires a mental evaluation of any person who has committed a sexually violent offense and is scheduled for release from prison or involuntary confinement. See generally Fla. Stat. § 394.913. The evaluation is conducted by a multi-disciplinary team of mental health professionals who must determine whether the individual meets the definition of a "sexually violent predator." After the evaluation, the state attorney may file a petition with the circuit court alleging that the individual is a sexually violent predator subject to civil commitment under the Act. Id. If the judge determines that probable cause exists that the individual is a sexually violent predator, then the judge will order the individual to remain in custody. § 394.915. Thereafter, a jury trial, or a bench trial if neither party requests a jury trial, will commence. Id. If the jury finds that the individual is a sexually violent predator by clear and convincing evidence, then the individual will be committed to the custody of the Department of Children and Family Services for "control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." § 394.917.

George Zoley; Kristen Kanner; Donald Sawyer; Rebecca Jackson; Chris Catron; William Price; and Brian Masony. Amended Complaint at 1, 4. According to the Amended Complaint, Plaintiff's federally protected rights have been violated and he has been harmed because he does not know whether he will continue to meet the criteria for commitment at the FCCC. In pertinent part, the Amended Complaint contains the following claims: (1) a challenge to the treatment process generally at the FCCC, see Amended Complaint at 5-7; a challenge to the procedural steps to ascertain civil commitment because the accused is allegedly not present at the hearing, see Amended Complaint at 6; and, a challenge to the validity of the Florida Statutes that permit civil detainment of sexually violent predators, §§ 394.910-394.931, see Amended Complaint at 7-20. Plaintiff seeks relief including: a finding that Florida Statutes §§ 394.910-394.931 is invalid; changes to the sex offender civil commitment scheme; monetary damages; and postage stamps. Id. at 21-27.

**II.**

Despite Plaintiff's non-prisoner status, the Court is required to review the Complaint to determine whether the Complaint is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts

the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915(e)(2), the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) applies to dismissals under §1915A and § 1915(e)(2)(b)(ii). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Nonetheless, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. 662, 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir.

2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

### III.

#### A. Title 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988, 999 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

#### B. Civil detainees are not prisoners

As noted above, Plaintiff is civilly committed, the FCCC is not a prison, and Plaintiff is not a prisoner. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The Supreme Court has recognized that an individual who has been involuntarily civilly

confined has liberty interests under the Due Process Clause of the Fourteenth Amendment that "require the State to provide minimally adequate or reasonable training to ensure safety and freedom from undue restraint." Youngberg v. Romeo, 457 U.S. 317, 319 (1982). Thus, the Supreme Court has opined that, at least in regards to certain aspects of their confinement, civil detainees are afforded a higher standard of care than those who are criminally committed.[2] See Id. at 321-322; Dolihite v. Maughon, 74 F.3d 1027, 1041 (11th Cir. 1996) (holding that "persons subjected to involuntary civil commitment are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."). See also Lavender v. Kearney, 206 F. App'x 860, 863 (11th Cir. 2006). Nonetheless, case law relevant to defining the contours of constitutional rights afforded to prisoners is relevant in evaluating a claim brought by a person who is involuntarily civilly committed. Id.

**C. Interference with access to the courts**

Interference with an inmate's access to the court constitutes a First Amendment violation. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). The Supreme Court in Bounds made clear

---

[2] In Youngberg, the issue was whether a severely retarded young man had received proper treatment in a state facility. Id. at 309.

that institutions must make sure that inmates have "a reasonable adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825. Additionally, the Supreme Court explained that a plaintiff who alleges a denial of access to court claim must show how the interference caused the plaintiff harm or prejudice with respect to the litigation. Lewis, 518 U.S. at 349-351. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Id. at 351. Indeed, "[t]he injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. Specifically, a plaintiff must show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. § 1983 "to vindicate 'basic constitutional rights.'" Id. (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

**D. Pleading Requirements under Fed. R. Civ. P. 8 and 10**

Rule 8 requires a complaint to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." (quoting Twombly, 550 U.S. at 555)). Rule 10 further

provides, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).  Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'"  Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

**IV.**

Here, the Court finds the Amended Complaint must be partially dismissed under § 1915 with regard to Defendant Brian Masony. Additionally, to the extent the Amended Complaint attempts to seek relief in the form of postage stamps, see Amended Complaint at 21, ¶ 42, the Amended Complaint does not sufficiently allege an interference to access to court claim under Federal Rule of Civil Procedure 8 and will be dismissed.

Initially, Plaintiff identifies Brian Masony as a defendant. Amended Complaint at 4.  Plaintiff states that Mr. Masony is an "attorney for Florida Department of Children and Families." Id. at 4.  Without evaluating whether Mr. Masony is in fact an "actor under the color of state law" subject to liability under § 1983,

Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992), or whether Mr. Masony retains his private citizen status, the Court finds Mr. Masony is subject to dismissal nevertheless. The Amended Complaint contains no factual allegations regarding Mr. Masony whatsoever in violation of Federal Rule of Civil Procedure 8 and 10. See generally Amended Complaint. Other than naming Mr. Masony as a defendant, the Amended Complaint does not again mention Mr. Masony's name. Additionally, the Amended Complaint is devoid of any causal connection between Masony and any of the alleged constitutional violations. Therefore, Mr. Masony is dismissed under § 1915.

Additionally, the Amended Complaint does not sufficiently allege an interference to access to court claim. In general, this case challenges the Florida Statutes permitting civil commitment of sexually violent predators and the treatment program at the FCCC. There are neither any claims about an interference with access to court, nor any factual allegations supporting an interference with an access to court claim. However, in the relief requested portion of the Amended Complaint, Plaintiff includes the statement "interference with access to court" and seeks postage stamps as relief. Amended Complaint at 21, ¶ 42. To the extent Plaintiff attempts to allege an interference with access to court claim merely by using the phrase, the claim is subject to dismissal because there are no facts supporting an interference to access to

court claim.  Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977).  Finally, in order to continue the prosecution of this action, Plaintiff must complete the requisite service of process forms for the remaining Defendants.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Under § 1915, Plaintiff's interference to access to court claim and Defendant Brian Masony are **dismissed without prejudice**.

2.  The **Clerk of Court** shall forward **eight (8)** of the following service forms: (1) Notice of Lawsuit and Request for Waiver of Service of Summons (two-part form); (2) Summons; and, (3) United States Marshal Service (Form 285) to Plaintiff.

3.  Plaintiff must complete each of the enclosed forms **FOR EACH DEFENDANT**:

> **A. Notice of Lawsuit and Request for Waiver of Service of Summons**
>
> Plaintiff shall complete the blanks on the Notice of Lawsuit and Request for Waiver of Service of Summons Form.  Plaintiff complete the caption and identify to which Defendant the Notice is being sent.  In the blank in the second paragraph, Plaintiff should write in "30."  **PLAINTIFF MUST SIGN THE NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS FORM.**  Plaintiff should not fill in the date or information below the line that reads: "I certify that this request is being sent to you on the date below."
>
> Plaintiff must return the original and one copy of the completed Notice of Lawsuit and Request for Waiver of Service of Summons.

**B. Waiver of Service of Summons**

Plaintiff shall complete the caption and write his name in the top blank of the form. Plaintiff must return the original and one copy of the completed Waiver of Service of Summons. Plaintiff shall not complete any other part of the form.

**C. Summons and Marshal's forms (Form 285)**

Plaintiff is required to fill in the name and address of each Defendant in the appropriate spaces on the Summons and Marshal's forms. **PLAINTIFF MUST SIGN THE 285 FORM**.

4. Plaintiff must mail the completed forms to the Clerk's Office **on or before August 10, 2016**.

5. Failure to return the completed forms within this allotted time period without further explanation **will result in dismissal** of this action without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on this __2nd__ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record